IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ATWOOD LEWIS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 08-863** |
| | : | |
| **BRIAN GRUNDEN, et al.** | : | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                                                               **January   15   , 2009**

Plaintiff Atwood Lewis ("Plaintiff") brings this action against Defendants Brian Grunden and Hackney Trucking, LLC (collectively, "Defendants") for injuries arising out of an automobile accident. Now before the Court are (1) Plaintiff's Motion for Leave to Amend the Complaint to add a claim against Third-Party Defendant City of Philadelphia ("Philadelphia") and (2) Plaintiff's Motion to Remand (collectively, the "Motions"). For the reasons that follow, the Motions will be granted.

**I.      BACKGROUND**

The following facts are undisputed: On February 13, 2007, a car driven by Plaintiff and a truck driven by Defendant Brian Grunden collided at the intersection of Tenth and Jefferson Streets in Philadelphia. Plaintiff alleges that at the time of the accident, Grunden was driving the truck on behalf of his employer, Defendant Hackney Trucking, LLC. Shortly after the accident, Philadelphia Police Officer Cruz went to the scene and prepared a police report. In the report, he indicated that the traffic light at the intersection was functioning improperly. See Police Report, attached to Defs.' Opp. to Mot. to Amend and Defs.' Opp. to Mot. to Remand at Ex. A.

Plaintiff commenced the instant action against Defendants on December 20, 2007 in the

Philadelphia Court of Common Pleas.  On February 21, 2008, Defendants removed to federal court on the basis of diversity of citizenship.[1]  On February 28, 2008, Defendants answered and filed a Third-Party Complaint against Philadelphia for contribution and indemnity based upon the allegedly malfunctioning traffic signal.  On April 17, 2008, Plaintiff filed the instant Motion to Amend the Complaint to add a negligence claim against Philadelphia.  In the event leave to amend is granted, Plaintiff also moved for remand to the Philadelphia Court of Common Pleas.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading by leave of court.  "The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Plaintiff seeks to amend the Complaint by raising a state-law claim against Philadelphia.  Pursuant to Federal Rule of Civil Procedure 14(a)(3), "[t]he plaintiff may assert against the third-party defendant any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff."

When federal jurisdiction is founded solely on diversity, the Court does not have jurisdiction over claims by a plaintiff against a third-party defendant when such claims would be inconsistent with the requirements of 28 U.S.C. § 1332, the diversity jurisdiction statute.  See 28 U.S.C. § 1367(b).  "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).[2]  Pursuant to Section 1447(e),

---

[1]   Plaintiff is a citizen of Pennsylvania, and Defendants are citizens of Indiana.

[2]   Courts have applied section 1447(e) to efforts by plaintiffs to raise claims against third-party defendants.  See, e.g., Perez v. Arcobaleno Pasta Machs., Inc., 261 F. Supp. 2d 997, 1000–01 (N.D. Ill. 2003); Da Cruz v. Towmasters of N.J., Inc., 217 F.R.D. 126, 134–36

"Congress gave the courts broad discretion to allow joinder, even though remand may result." Righetti v. Shell Oil Co., 711 F. Supp. 531, 535 (N.D. Cal. 1989).

While the Third Circuit has not yet announced the appropriate discretionary standard to be used by a court when applying Section 1447(e), a number of district courts have adopted the approach developed by the Fifth Circuit in Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987). See Castle Cheese, Inc. v. Blue Valley Foods, Inc., 2008 U.S. Dist. LEXIS 91717, at *6–7 (W.D. Pa. Nov. 12, 2008) (collecting cases). Pursuant to Hensgens, to determine whether to remand or to deny amendment, a district court should weigh (1) whether the purpose of the amendment is to defeat diversity; (2) whether the plaintiff was dilatory in seeking an amendment; (3) whether the plaintiff will be prejudiced if the amendment is not granted; and (4) any other equitable factors. See 833 F.2d at 1182.

In the instant case, the first, third, and fourth factors weigh strongly in favor of granting Plaintiff's Motions. Plaintiff seeks to add a legitimate claim that may provide him a source of relief. The police report by the Philadelphia officer contains a colorable factual basis for the claim. Indeed, Defendants have filed third-party claims for indemnity or contribution against Philadelphia.

Moreover, Plaintiff would suffer prejudice if his Motions are not granted. He would be forced to litigate claims arising out of the same accident in two courts simultaneously. Such duplicative litigation would be costly and wasteful. See City of Perth Amboy v. Safeco Ins. Co. of Am., 539 F. Supp. 2d 742, 749 (D.N.J. 2008) (stating that "equitable factors" that the Court may consider include judicial efficiency and judicial economy).

---

(E.D.N.Y. 2003).

Defendants primarily argue that Plaintiff delayed unnecessarily in raising a claim against Philadelphia. They assert that the police report in February of 2007 should have alerted Plaintiff to his potential cause of action against Philadelphia. They also argue that the statutory notice of potential suit that Plaintiff filed with Philadelphia in June, 2007 reveals that Plaintiff was aware of his potential claim at least by that time.[3] Plaintiff did not file suit against Philadelphia until nearly a year later. Defendants contend that Plaintiff's inexcusable delay justifies denying the instant Motions.

However, Defendants have failed to identify any prejudice they would suffer if the Court grants Plaintiff's Motions. Accordingly, because Plaintiff seeks the amendment for a proper purpose, and because the costs that Philadelphia, Plaintiff, and the courts would suffer from duplicative litigation outweigh any harm caused to Defendants by Plaintiff's delay, the Motions will be granted.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Amend the Complaint and Motion to Remand will be granted. An appropriate Order follows.

---

[3] To sue a Pennsylvania government unit for damages based on personal injury, a plaintiff must file notice with the government unit of the suit or potential suit within six months of the date of injury. See 42 Pa. C.S.A. § 5522. Plaintiff put Philadelphia on statutory notice by letter on June 15, 2007. See Notice, attached to Pl.'s Reply to Defs.' Resp. to Mot. to Amend and Pl.'s Reply to Defs.' Resp. to Mot. to Remand.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ATWOOD LEWIS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 08-863** |
| | : | |
| **BRIAN GRUNDEN, et al.** | : | |

**ORDER**

**AND NOW**, this   15TH   day of January, 2009, upon consideration of Plaintiff's Motion for Leave to Amend the Complaint (docket no. 8) and all responses thereto, and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion is **GRANTED**.  It is **FURTHER ORDERED** that upon consideration of Plaintiff's Motion to Remand (docket no. 7), and all responses thereto, and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion is **GRANTED**.  Accordingly, this action is **REMANDED** to the Philadelphia Court of Common Pleas for further proceedings, and the Clerk of Court shall mark this case **CLOSED**.


                                                                    BY THE COURT:


                                                                    S/ BRUCE W. KAUFFMAN
                                                                       BRUCE W. KAUFFMAN,  J.

5